UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   2:23-cr-00066-KOB |
| | ) |
| MIGUEL ANGEL ARROYO- | ) |
| CALDERON, | ) |
|     Defendant. | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Michael Angel Arroyo-Calderon's motion to suppress regarding defendant's statement (doc. 24); the motion to suppress regarding defendant's cell phone (doc.25); the Government's response (doc. 28); and Mr. Arroyo-Calderon's reply (doc. 29). The court held a hearing on the motions on August 29, 2023. Mr. Arroyo-Calderon maintains that the court should suppress all evidence related to the custodial interview because his responses were coerced and therefore involuntary. Additionally, he maintains that the court should suppresses all evidence related to the illegal search and seizure of his cell phone that happened during two events: 1) immediately after his arrest when the defendant answered a phone call that the agent recorded and 2) during the custodial interrogation at the Homeland Security Investigations (HSI) office. The government maintains that for the custodial interview, the signed *Miranda* waiver, which was written in Spanish, Mr. Arroyo-Calderon's native language,

was sufficient for the defendant's waiver to be voluntary, knowing, and intelligent. The government also contends that the defendant voluntarily consented to the search of his cell phone in both events. For the following reasons, the court denies both motions.

***Regarding the defendant's statement***

Here, Mr. Arroyo-Calderon's custodial interview, which was conducted in Spanish, began with a recitation of his rights under *Miranda*. Then, when asked if he would speak with the special agent, the defendant responded, "If you are going to help me, yes." The special agent replied, "…it's either yes or no. I cannot force you to do something you don't want to do." The defendant responded with a confusing, "Yes." The special agent then had Mr. Arroyo-Calderon read out loud in Spanish the paragraph on the *Miranda* waiver form that read: "I have read, or someone has read to me my declaration of rights and I understand what my rights are. I am willing to answer the questions at this time, without having a lawyer present." Directly above that declaration were the rights that the agent had just read out loud to him. The special agent then asked again if the defendant would speak with him, and again Mr. Arroyo-Calderon responded "if you are going to help me, yes." The special agent replied, "Okay," but then followed up with, "You don't have to speak with me if you don't want to. Okay?" The defendant responded again with the perplexing "Yes." Finally, the special agent said, "Okay. Miguel,

whenever you can, sign on this side, where it reads 'signature,' please." Mr. Arroyo-Calderon then signed the waiver.

The court finds that the signing of the waiver form, which was written in Spanish and signed after the defendant had been read his rights from it, as well as having read the waiver paragraph out loud himself, was sufficient for the defendant to have voluntarily, knowingly, and intelligently waived his rights under *Miranda*. The form fully set out the defendant's rights and was clear about what rights were being waived; the defendant was not coerced into signing the waiver by any sort of deception about what rights were being waived. Additionally, the special agent was not under any obligation to further clarify those rights verbally or check for complete understanding. Mr. Arroyo-Calderon's signature was sufficient to indicate a complete waiver of his rights without any conditions, so his subsequent statements were voluntary.

The court DENIES the motion to suppress regarding the defendant's statement (doc. 24).

### *Regarding the defendant's cell phone*

In the first event involving the cell phone, the court finds that the defendant voluntarily consented to the search of his cellphone, so the evidence derived from the defendant's cell phone should not be suppressed.

As the defendant was being arrested and put into the backseat of a law enforcement vehicle, his cell phone rang and displayed a number that was used by the defendant's Mexican coordinator who had coordinated the delivery for which the defendant had just been arreste. According to the testimony of Agent Bejaran, the defendant spontaneously told agents that he would cooperate fully in the investigation. Agent Bejaran asked the defendant if he would consent to conduct recorded conversations, and the defendant agreed. The agent then recorded multiple videos of the defendant's conversation with the Mexican coordinator. The recording did not capture the moment of consent as the recording began after consent was given.

After reviewing the evidence presented at the hearing, the court finds that the defendant did voluntarily offer to cooperate, freely and voluntarily consented to the search of his cell phone, and willingly participated in the phone call with the Mexican coordinator in cooperation with the agents.

"Whether a suspect voluntarily gave consent to a search is a question of fact to be determined by the totality of the circumstances." *United States v. Blake*, 888 F.2d 795, 798 (11th Cir. 1989). Based on the totality of the circumstances here, the court finds that there was voluntary consent. The defendant was in the process of being arrested and was being put into the law enforcement vehicle at the time of the call. When the call came in, the defendant on his own initiative offered to fully

cooperate in the investigation. The defense offered no evidence of coercion, threat, or unreasonable intimidation on the part of the police. Instead, the defendant blurted out that he was willing to cooperate. Because the defendant initiated the request to cooperate and then consented to his phone call being recorded, that consent is voluntary.

Further, "knowledge of a right to refuse is not a prerequisite of a voluntary consent." *Schneckloth v. Bustamonte*, 412 U.S. 218, 234 (1973). Although defense counsel claimed that the defendant was unfamiliar with American law and did not know that he could say no to the request by law enforcement to record the phone call, the agents were under no requirement to discuss the defendant's right to refuse to give consent or the implications of giving consent. Although the court believes that it would have been better and fairer to advise the defendant in that situation that what he said could be used against him, the court concedes that the law does not require such notice.

In the second event during the interview at the HSI office, the court finds that the defendant consented to the search of his phone during that interview which fulfilled the requirements for an exception to the need for a search warrant. In that interview, after the defendant had read and waived his rights under *Miranda,* the special agent asked, "Do you allow me to look in your telephone?" The defendant responded, "Yes, yes, you can get it and you can see all you need." The defendant

then discussed numerous contacts and messages in his phone with the special agent; the defendant went so far as to voluntarily pull up a profile on Facebook to help with the search on his phone. The court finds that as to this second event where the defendant's phone was searched, consent to search the phone was knowingly and voluntarily given, so the evidence obtained from the search of the cellphone during the custodial interview is admissible.

The court DENIES the motion to suppress regarding the defendant's cell phone (doc. 25).

**DONE** and **ORDERED** this 20th day of September, 2023.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE